Urfan S. MALIK, Appellant,

v.

The STATE of Texas, Appellee.

No. 472–96.

Court of Criminal Appeals of Texas,
En Banc.

Sept. 10, 1997.

Jules L. Laird, Jr., Houston, for appellant.

Rikke Burke Graber, Carol M. Cameron, Asst. Dist. Attys., Houston, Matthew Paul, State's Atty., Austin, for the State.

Before the court en banc.

## OPINION ON STATE'S PETITION FOR DISCRETIONARY REVIEW

KELLER, Judge.

A jury found appellant guilty of unlawfully carrying a weapon, namely, a handgun. The trial court assessed punishment at 90 days confinement in the Harris County Jail, probated for one year, and a $300 fine. The

Fourteenth Court of Appeals reversed appellant's conviction with an order to the trial court to enter a judgment of acquittal. *Malik v. State*, No. C14–92–01293–CR, 1994 WL 622002, (Tex.App.—Houston [14th Dist], delivered November 10, 1994)(unpublished). The Court of Appeals reasoned that the evidence was insufficient to support appellant's conviction because the evidence was insufficient to show reasonable suspicion to justify a traffic stop of appellant. *Id.* The State petitioned for discretionary review, and we vacated the Court of Appeals opinion. *Malik v. State*, No. 1369–94 (Tex.Crim.App., delivered March 29, 1995)(unpublished). We held that the legality of the detention, an admissibility of evidence issue, was irrelevant to a sufficiency review, and we remanded the case to the Court of Appeals to conduct a "correct" sufficiency review. *Id.* On remand, the Court of Appeals held that the legality of the detention was a proper part of the sufficiency review because a jury instruction concerning the issue was submitted. *Malik v. State*, No. C14–92–01293–CR, 1996 WL 65639 (Tex. App.—Houston [14th Dist], delivered February 15, 1996)(unpublished).

The State has again petitioned for discretionary review (which we granted), and it contends that: (1) including the detention issue in a sufficiency review is not appropriate because *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979) applies only to the elements of the criminal offense, and (2) even if there were error, it is merely trial error because the instruction was erroneous and the State objected to including the detention issue in the jury charge. Appellant responds that sufficiency of the evidence is measured by the jury charge, citing *Boozer v. State*, 717 S.W.2d 608, 610 (Tex.Crim.App.1984), and he argues that the State failed to properly object to the erroneous jury instruction. We will reverse.

The present issue arises out of a line of cases beginning with *Benson v. State*, 661 S.W.2d 708 (Tex.Crim.App.1982)(opinion on State's second motion for r'hrg), *cert. denied*, 467 U.S. 1219, 104 S.Ct. 2667, 81 L.Ed.2d 372(1984). In *Benson*, we held that the suffi-

ciency of the evidence is measured by the indictment as incorporated into the jury charge. *Id.* at 715. We decided that the State's failure to object to an unnecessary narrowing, in the jury charge, of the description of an element of the offense meant that the State was bound to prove the element as described, and a failure to do so would result in an acquittal due to insufficient evidence. *Id.* 715–716. Subsequently, in *Boozer*, we held that, by failing to object to an erroneously submitted accomplice witness instruction, the State acquiesced in an increase in its burden of proof, requiring corroboration of testimony that would not have needed corroboration absent the instruction.[1] 717 S.W.2d at 610–612. These cases have spawned a line of decisions in which the sufficiency of the evidence is measured by the jury charge if that charge is more favorable to the defendant than the law requires and if the State fails to object.

Generally, this sufficiency standard has been limited to situations in which the increased burden upon the State appears in the application paragraph of the charge. *Plata v. State*, 926 S.W.2d 300, 304 (Tex. Crim.App.1996). But, we have also utilized that standard when an abstract portion of the charge functions as a kind of application paragraph. *Arceneaux v. State*, 803 S.W.2d 267, 271 (Tex.Crim.App.1990) In *Arceneaux*, the jury charge contained an instruction requiring the jury to find "beyond a reasonable doubt that the exhibit introduced in evidence by the State is cocaine" before the defendant could be convicted. *Id.* We held that, by failing to object to the cocaine instruction, the State assumed the (unnecessary) burden to offer a cocaine exhibit into evidence. *Id.* Because no cocaine exhibit had been introduced into evidence (the cocaine had been destroyed through testing), we found the evidence to be insufficient to support the conviction and ordered a judgment of acquittal. *Id.* at 271–272.

As in *Arceneaux*, the present charge involves the use of an application-type charge in connection with the admission of certain

---

1. If a witness was an accomplice to the crime on trial, then his testimony must be corroborated.

*See* Texas Code of Criminal Procedure, Article 38.14.

evidence. The relevant portion of the instruction reads as follows:

> If you fail to believe beyond a reasonable doubt that the defendant, URFAN S. MALIK, was driving his vehicle in a suspicious manner as if some activity out of the ordinary had occurred or that activity related to a crime had occurred, then you are not to consider the pistol or holster that was found in the defendant's car following the stop by the deputy, *and thereby find the defendant, URFAN S. MALIK, not guilty.*

(Emphasis added). The present situation is in all relevant respects identical to *Arceneaux.* Although *Arceneaux* involved evidence that *was not* admitted and the present case involved evidence that arguably *should not* have been admitted, we do not find that to be a significant distinction. Nor do we perceive a material distinction between the *Arceneaux* instruction requiring the admission of evidence before the jury can be permitted to find *guilt* and the present instruction which requires the jury to *acquit* if the evidence is illegally obtained. In either case, the defendant's guilt turns, according to instruction, upon the status of a particular piece of evidence. As we stated in *Arceneaux,* "the wording ... of the charge may also authorize the trier of fact to reach or *not reach* the ultimate issue in the case." *Id.* at 271. (Ellipsis and emphasis added).

▮ *Arceneaux* would appear to require an acquittal due to insufficient evidence as the Court of Appeals has done unless we find that the instruction was erroneous and that the State properly objected. But the State's contention that *Jackson,* by its wording, applies only to elements of the offense is a cogent one. When, as in the present case, our precedents appear to require us to stray far afield from the holding that originated a constitutional doctrine, we should reexamine those precedents to determine their continuing validity. In conducting such a reexamination, however, we should take into account the interests underlying the rule of *stare decisis:* Often, it is better to be consistent

than right. But, when a particular court-made rule does not produce consistency and/or the rule regularly produces results unanticipated by the constitutional doctrine on which it is based, then we should be prepared to disavow the rule and overrule the line of cases embodying the rule. With these considerations in mind, we now reexamine the court-made rule established in the *Benson/Boozer* line of cases.

For its holding, *Benson* relied upon federal constitutional precedent.[2] We at least implied that our view about measuring sufficiency by the jury charge was inherent in the *Jackson* standard. *Benson,* 661 S.W.2d at 714–715. We later expressly held that the *Benson/Boozer* rule was based upon *Jackson:*

> The *Jackson* standard is the foundation for all this Court's later machinations concerning exactly what "standard" should be used to define error in a jury charge. The first such example was *Benson,* supra, in which the defendant attacked the sufficiency of the evidence to sustain his conviction for retaliation.

*Arceneaux,* 803 S.W.2d at 269–270. In *Benson,* we also relied upon *Forman v. United States,* 361 U.S. 416, 80 S.Ct. 481, 4 L.Ed.2d 412 (1960) and *Burks v. United States,* 437 U.S. 1, 98 S.Ct. 2141, 57 L.Ed.2d 1 (1978) for the proposition "that legal insufficiency means that the government's case was so lacking that it should not have ever been *submitted* to the jury." *Benson,* 661 S.W.2d at 715–716 (internal quotation marks omitted; emphasis in *Benson* ). We further explained that "insufficiency means that the State's case could be cured or satisfied *only by the introduction of new evidence* to prove, if possible, their theory of the case." *Id.* at 716 (emphasis added).

A review of the relevant precedents shows that the federal constitutional cases relied upon in *Benson* and other cases as the foundation for the *Benson/Boozer* rule do not in fact support that rule. Under *Jackson,* the sufficiency review question is "whether, after viewing the evidence in the light most favor-

---

2. *Boozer* implied that the *Benson/Boozer* rule has a statutory basis by referencing a number of different statutes in a footnote before its citation to *Benson. Boozer,* 717 S.W.2d at 611 n. 5. After reviewing those statutes, however, we find that none of them requires the rule formulated in *Benson* and *Boozer.*

able to the prosecution, *any* rational trier of fact could have found the *essential elements of the crime* beyond a reasonable doubt." 443 U.S. at 319, 99 S.Ct. at 2789 (emphasis on "any" in original; other emphasis added). If an element to be proved is incorporated into the charge merely because the State failed to object, and hence, *unnecessarily* increased its burden of proof, then that element cannot be an "essential" element of the crime. The only answer to this observation would be to claim that whether an element is "essential" depends upon the wording of the particular jury charge. But *Jackson* held that its standard is not concerned with the rationality of the verdict actually rendered. *Id.* at 319 n. 13, 99 S.Ct. at 2789 n. 13. *See also Benson,* 661 S.W.2d at 717–718 (McCormick, J. dissenting). Moreover, *Benson*'s reliance upon *Forman* and *Burks* for the proposition that insufficient evidence means the case should never have been *submitted* to the jury underscores the inappropriateness of using the jury charge as a measurement of sufficiency. If the case should never have been submitted to the jury, that means there *should not have been a jury charge* in the case. If the question is whether a jury charge should even exist, how can the jury charge be the measurement of evidentiary sufficiency? *See Boozer,* 717 S.W.2d at 618–619 (Onion, P.J. dissenting)(impropriety of using charge to determine entitlement to instructed verdict where motion for instructed verdict made before charge was given). *Benson*'s further contention that insufficiency means the State's case could be cured or satisfied only by the introduction of new evidence also undercuts the validity of the rule announced in that case. If the charge unnecessarily increased the State's burden of proof, then the State's case could be cured by merely altering the charge to eliminate the unnecessary burden. *Benson,* 661 S.W.2d at 719 (McCormick, J. dissenting); *Boozer,* 717 S.W.2d at 613 (McCormick, J. dissenting).

Further, the Supreme Court case of *Forman,* cited by *Benson* in support of its holding, is completely inconsistent with the *Benson/Boozer* rule. In *Forman,* the jury charge erroneously required the jury to find a "subsidiary conspiracy" before convicting the defendant, and the government failed to object. 361 U.S. at 422 & 424, 80 S.Ct. at 485 & 486. *See also, Stephens v. State,* 806 S.W.2d 812, 821 (Tex.Crim.App.1990)(McCormick, P.J. dissenting), *cert. denied,* 502 U.S. 929, 112 S.Ct. 350, 116 L.Ed.2d 289 (1991). No subsidiary conspiracy was ever proven. *Forman,* 361 U.S. at 424, 80 S.Ct. at 486. *See also Stephens,* 806 S.W.2d at 821. Nevertheless, the Supreme Court held that a judgment of acquittal was inappropriate, noting that: "Here there was no lack of evidence in the record.... The jury was simply not properly instructed." *Forman,* 361 U.S. at 426, 80 S.Ct. at 487 (ellipsis inserted and internal quotation marks omitted). *See also Stephens,* 806 S.W.2d at 821. *Forman* viewed the more burdensome charge as mere trial error rather than a sufficiency of the evidence problem. In a concurring opinion, Justice Whittaker went even further, opining that the trial error was harmless:

> There being neither charge in the indictment nor evidence in the record of "subsidiary conspiracy," the requested and obtained charge to the jury amounted to a virtual direction to acquit. And if the jury, in obedience to that charge, had acquitted, its verdict would, of course, have ended the case. Therefore, petitioner, by requesting and inducing the court to give this erroneous charge, got much more than he was entitled to under the law. Yet, he claimed in the Court of Appeals that this very charge, because unsupported by evidence, was erroneous and required an outright reversal....I realize there is no profit in decrying a spent transaction, but I cannot resist observing the obvious, namely, that in these circumstances, the law required affirmance of the judgment....Petitioner, instead of complaining that he was given only a new trial, should be thankful that his conviction was not affirmed.

361 U.S. at 429–430, 80 S.Ct. at 488–489 (Whittaker, J. concurring)(ellipses inserted).

Moreover, subsequent developments in federal case law regarding the *Jackson* standard have failed to lend any support to the reasoning of the *Benson/Boozer* line of cases; in fact, the opposite has occurred. The Supreme Court has never imposed on any jurisdiction a requirement to measure the suffi-

ciency of the evidence by the jury charge. *Stephens,* 806 S.W.2d at 820 (McCormick, P.J. dissenting). Our research of the federal case law has failed to uncover any such requirement imposed by any of the federal circuits. In fact, the Fifth Circuit has held that the *Benson/Boozer* doctrine is not a rule of federal constitutional law. *Brown v. Collins,* 937 F.2d 175, 182 (5th Cir.), *rehearing en banc denied,* 945 F.2d 403 (1991). Instead, it is "a state procedural nuance foreign to federal constitutional norms." *Id.* at 181. In *Brown,* the jury charge contained general instructions on the law of parties, and the evidence was sufficient to convict the defendant as an accomplice. *Id.* at 182. But, the application paragraph of the charge required the jury to convict the defendant as the primary actor, and the evidence was insufficient to support that theory. *Id.* Nevertheless, this variation between the evidence and the charge did not rise to constitutional proportions. *Id.* The Fifth Circuit held that, under *Jackson,* "we look merely to the *substantive elements* of the criminal offense as defined by state law, [citation omitted], not ... to a state's procedural requirements." *Id.* at 181 (emphasis in original; ellipsis inserted; bracketed material replacing internal citation; internal quotation marks omitted).[3]

The *Benson/Boozer* rule has been characterized as "among the most controversial of the last decade." *Mireles v. State,* 901 S.W.2d 458, 466 (Tex.Crim.App.1995)(Meyers, J. dissenting). The rule has been strongly criticized for being inconsistently applied. *Jones v. State,* 815 S.W.2d 667, 674 (Tex.Crim.App.1991)(McCormick, P.J. dissenting); *Morrow v. State,* 753 S.W.2d 372, 382 (Tex.Crim.App.1988)(Onion, P.J. dissenting). Presiding Judge McCormick criticized the Court for being inconsistent on whether

sufficiency of the evidence should be measured solely by the application paragraph or by the charge as a whole. *Jones,* 815 S.W.2d at 674. His criticism was on target, as this Court has vacillated between the two positions. In *Garrett v. State,* we held that evidentiary sufficiency should be measured by the entire charge rather than solely by the application paragraphs. 749 S.W.2d 784, 802–803 (Tex.Crim.App.1986)(opinion on State's Motion for Rehearing). At least one court of appeals relied upon that holding, only to be reversed by this Court. *Jones v. State,* 774 S.W.2d 7, 11–12 (Tex.App.—Dallas 1989), *reversed,* 815 S.W.2d 667 (Tex.Crim.App.1991); *Biggins v. State,* 824 S.W.2d 179, 180 (Tex.Crim.App.1992). To complicate matters further, we have held that abstract portions of the charge that act like an application paragraph must be used in measuring evidentiary sufficiency. *Arceneaux,* 803 S.W.2d at 271 (critical question is whether a paragraph "authorizes a conviction").

Consequently, the rule that evidentiary sufficiency is measured by the application paragraph of the charge has been difficult to apply. We have reversed court of appeals decisions for failing to determine accurately what paragraphs of the charge are application paragraphs or "authorize a conviction." *Jackson v. State,* 898 S.W.2d 896, 899–900 (Tex.Crim.App.1995); *Arceneaux,* 803 S.W.2d at 271–272. The futility of these exercises becomes even more apparent in light of our recent observation that "it may well be that application paragraphs are an anachronism, and that jurors could perform just as well without them." *Plata,* 926 S.W.2d at 304.

Former Presiding Judge Onion complained that the *Benson/Boozer* rule produced differ-

---

**3.** We recognize that due process prevents an appellate court from affirming a conviction based upon legal and factual grounds that were not submitted to the jury. *McCormick v. United States,* 500 U.S. 257, 269–270 & 270 n. 8, 111 S.Ct. 1807, 1814–1815 & 1815 n. 8, 114 L.Ed.2d 307 (1991); *Dunn v. United States,* 442 U.S. 100, 99 S.Ct. 2190, 60 L.Ed.2d 743 (1979); *Cole v. Arkansas,* 333 U.S. 196, 201–202, 68 S.Ct. 514, 517, 92 L.Ed. 644 (1948). Perhaps recognizing this principle, the Fifth Circuit implied that the complete absence of a party's instruction from the jury charge may present constitutional prob-

lems. *Brown,* 937 F.2d at 182. However, we do not believe that due process is necessarily violated by affirming a conviction in which the jury charge contains *extra, unnecessary* elements that are not supported by the evidence. Moreover, the Supreme Court has indicated that the *McCormick/Dunn/Cole* rule does not bar retrial of a criminal defendant. *Dunn,* 442 U.S. at 107, 99 S.Ct. at 2194–2195 ("appellate courts are not free to revise the basis on which a defendant is convicted simply because the same result would likely obtain on retrial").

ent measurements for evidentiary sufficiency depending upon whether the State or the defendant benefitted from the instructions given. If the jury charge requires more than the law requires, and the State fails to object, then the State acquiesces in an increase in its burden of proof, and sufficiency of the evidence is measured by the charge. *Morrow,* 753 S.W.2d at 381 n. 5 (Onion, P.J. dissenting). But, if the jury charge requires *less* than the law requires, and the defendant fails to object, the defendant is not treated as having acquiesced in a lesser burden of proof, and sufficiency of the evidence is measured by the elements of the offense rather than the charge. *Id.* Presiding Judge Onion concluded that "[t]here appear[ ] to be different standards applied depending upon whose ox is gored." *Id.*

The inconsistency with respect to measuring sufficiency is especially apparent when comparing different scenarios involving a variance between the indictment and the jury charge. If the indictment is facially complete,[4] and the jury charge unnecessarily narrows the permissible bases for a conviction or requires more proof than the indictment, then the *Bensonn/Boozer* rule requires measuring the sufficiency of the evidence by the jury charge. *Fisher v. State,* 887 S.W.2d 49, 55 (Tex.Crim.App.1994). But, if the indictment is facially complete, and the jury charge impermissibly *broadens* the permissible bases for conviction, sufficiency is measured by the indictment rather than the charge (or perhaps more precisely, by the jury charge without the impermissible broadening language). *Id.* at 57. Further, if the indictment is facially incomplete, then sufficiency of the evidence is measured by the jury charge so long as the charge remains consistent with the indictment and the controlling penal provision. *Id.* at 57–58. And of course, sufficiency of the evidence can never be measured by the jury charge in a bench trial because there is no jury charge. *Stephens,* 806 S.W.2d at 821 & 821 n. 4 (McCormick, P.J. dissenting). Instead of producing one simple, coherent standard to measure the sufficiency of the evidence, the *Benson/Boozer* rule has spawned several

standards, depending on the completeness of the indictment, whether the jury charge requires more or less proof from the State than the indictment, and whether the trial was to the bench or to the jury. While these disparate standards may in theory be justified under the single, unified theory of measuring sufficiency by "the indictment as properly incorporated into the jury charge," *Fisher,* 887 S.W.2d at 57, in practice this Court has fashioned a maze of complex rules for different situations.

In addition to producing uncertainty and inconsistency, the *Benson/Boozer* rule is inherently at odds with the purpose of the *Jackson* sufficiency standard. The *Jackson* standard was established to ensure that innocent persons would not be convicted. *Jackson,* 443 U.S. at 323, 99 S.Ct. at 2791 ("The question whether a defendant has been convicted upon inadequate evidence is central to the basic question of guilt or innocence"). The *Benson/Boozer* rule permits, and in fact contemplates, that persons who are guilty of the crime charged and convicted by a jury may nevertheless be acquitted on appeal because the State failed to object to an erroneous and/or unnecessary instruction favorable to the defendant. In essence, the rule permits the greatest form of relief in the criminal system—an acquittal—to be granted because the defendant received a windfall in the jury instructions.

The *Benson/Boozer* rule is based upon a misinterpretation of federal constitutional precedent, results in complex and inconsistent standards for reviewing sufficiency of the evidence, and is fundamentally at odds with the purpose behind the *Jackson* standard of sufficiency review. Therefore, we overrule the *Benson/Boozer* line of cases and abolish the standard of sufficiency review that they formulated. No longer shall sufficiency of the evidence be measured by the jury charge actually given. Nevertheless, we recognize that measuring sufficiency by the indictment is an inadequate substitute because some important issues relating to sufficiency—e.g. the law of parties and the law of transferred intent—are not contained in the indictment. *Boozer,* 717 S.W.2d at 610 n. 4;

---

**4.** That is, it alleges all of the essential elements of     a criminal offense.

*Jones,* 815 S.W.2d at 675 (McCormick, P.J. dissenting). Hence, sufficiency of the evidence should be measured by the elements of the offense as defined by the hypothetically correct jury charge for the case. Such a charge would be one that accurately sets out the law, is authorized by the indictment, does not unnecessarily increase the State's burden of proof or unnecessarily restrict the State's theories of liability, and adequately describes the particular offense for which the defendant was tried.[5] This standard can uniformly be applied to all trials, whether to the bench or to the jury, whether or not the indictment is facially complete, and regardless of the specific wording of the jury charge actually given. Moreover, the standard we formulate today ensures that a judgment of acquittal is reserved for those situations in which there is an actual failure in the State's proof of the crime rather than a mere error in the jury charge submitted.

■ Turning to the present case, we find that the jury instruction concerning the legality of appellant's detention should not have been used to measure the sufficiency of the evidence. The legality of appellant's detention is not an element of the offense charged but merely relates to the admissibility of evidence. Moreover, a hypothetically correct jury charge would not have made the admissibility of a particular piece of evidence a precondition for conviction.[6]

We vacate the opinion of the Court of Appeals and remand this cause to that Court to apply the correct standard of review in analyzing appellant's points of error regarding the sufficiency of the evidence.

MEYERS, Judge, concurring.

The majority expressly "overrule[s] the *Benson/Boozer* line of cases," and describes that line of decisions as holding that "the sufficiency of the evidence is measured by the jury charge if that charge is more favorable to the defendant than the law requires

and if the State fails to object." *Majority opinion* at 235. But in this case *the State objected.* Therefore the majority's holding is dicta and I decline to join it. I concur in the judgment of the Court, however, because application of the controlling caselaw calls for a reversal of the judgment of the Court of Appeals.

The trial court erroneously included in the jury charge an instruction on the legality of appellant's detention (whether or not appellant had been driving his vehicle in a suspicious manner, thereby justifying a stop). The State objected at trial to the inclusion of the charge. On appeal, appellant claimed the evidence was insufficient to support the jury's finding that appellant had been driving in a suspicious manner. The Court of Appeals noted that the legality of a detention is normally "irrelevant" for purposes of a sufficiency review, but decided to "assume" the charge was correct and review the sufficiency of the evidence to support it. Upon reviewing the evidence, the Court of Appeals determined it was insufficient to support "the jury's determination that appellant was driving his vehicle in a suspicious manner," reversed the judgment of the trial court, and ordered a judgment of acquittal. *Malik v. State,* No. 14–92–31490 slip op., 1996 WL 65639 (Tex.App.—Houston [14th Dist.] Feb. 15, 1996)(opinion on remand)(unpublished).

We granted the State's petition on the following ground for review:

The Court of Appeals erred in failing to properly apply the correct standard of review in analyzing the sufficiency of the evidence and in reversing and remanding for an order of acquittal.

The State argues the Court of Appeals erred in its sufficiency analysis in two respects: (1) *Jackson v. Virginia* does not apply here since the legality of the detention is not one of the "elements of the offense"; and (2) since the State objected to the charge, the

---

**5.** This list is not necessarily exhaustive.

**6.** Although the accomplice witness rule is also a mere rule of evidence, and is not required under *Jackson, see Brown,* 937 F.2d at 182 n. 12, it is *statutorily* worded as a sufficiency standard. *See* Texas Code of Criminal Procedure, Article 38.14.

Nothing in this opinion changes the rule that insufficient corroboration of accomplice witness testimony mandates a judgment of acquittal—assuming the witness in question would be an accomplice as a matter of law under the hypothetically correct jury charge.

issue should be treated as trial error rather than a sufficiency problem, citing *Ortega v. State*, 668 S.W.2d 701 (Tex.Crim.App.1983)(opinion on original submission) and *Stephens v. State*, 717 S.W.2d 338, 341 (Tex.Crim.App.1986).

The State is correct on its second argument.[1] In *Ortega*, we explained that when the trial court unnecessarily increases the State's burden in the jury instructions and the State objects to the increase, the matter should be viewed as trial error on appeal:

> But once the [additional burden] is incorporated into the court's instructions to the jury in such a way that the jury must find it before a verdict of guilt is authorized, Article 36.13, V.A.C.C.P., it must be proved, or the verdict will be deemed "contrary to the law and evidence." See Article 40.03(9), V.A.C.C.P. In sum, there is no such thing as "surplusage" in the part of the court's instructions to the jury which authorizes a conviction, and if the prosecutor believes that portion of the charge unnecessarily increases his burden of proof, it behooves him specially to request a charge which correctly allocates the burden placed on him by law. This is nothing more than the course of law which is due before a person may be deprived of liberty. Article 1.04, V.A.C.C.P. And if the record reflects the prosecutor has pursued this course to protect his lawful obligations, but the trial court has nevertheless refused the amendment to the indictment or submission of the requested charge, and the evidence is found insufficient to support the

verdict because of the trial court's errors in this regard, those reviewable rulings of the trial court found erroneous by the appellate court constitute "trial error," and the State is free to pursue another prosecution. Cf. *Burks v. United States*, 437 U.S. 1, 98 S.Ct. 2141, 57 L.Ed.2d 1 (1978); and *Greene v. Massey*, 437 U.S. 19, 98 S.Ct. 2151, 57 L.Ed.2d 15 (1978).

*Ortega*, 668 S.W.2d at 705 n. 10. We further explained in *Stephens* that when the charge imposes a greater burden on the State than placed upon it by the controlling statute, and the State does not object to the increased burden, it can be assumed that the State voluntarily shouldered that burden. But if the State objects to the greater burden, then the increased burden is not assumed by the State so as to bar it from retrying the case if the evidence is insufficient under the increased burden in the charge.[2]

*Stephens*, 717 S.W.2d at 341.

The State argues that an article 38.23 instruction is required only if there is a factual dispute about how the evidence was obtained and there was no factual dispute in this case.[3] The State objected to inclusion of the instruction.

The State is exactly right. The instruction should not have been given because there was no dispute about the facts leading to the stop. By objecting to the charge, the State did not assume the greater burden. *See Ortega, supra; Stephens, supra.* The Court of Appeals erred in reversing and ordering a

---

1. Addressing the second argument would resolve the case and I therefore decline to comment on the State's first argument.

2. Judge Clinton best explained this notion in concurring in the denial of the State's motion for rehearing in *Boozer:*

   ... in the event the State had objected to the trial court's unnecessarily increasing its burden of proof, we would be in a position to point to the accomplice witness charge and say, "that charge was erroneous just as the prosecutor argued," then hold *that* error was the direct cause of the reversal of the conviction and as such was "trial" charge error. Boozer, 717 S.W.2d at 614 (Clinton, J., concurring in denial of State's motion for leave to file motion for rehearing).

3. Article 38.23(a) provides that no evidence obtained in violation of the Constitutions or laws shall be admitted against the accused. Further,

   In any case where the legal evidence raises an issue hereunder, the jury shall be instructed that if it believes, or has a reasonable doubt, that the evidence was obtained in violation of the provisions of this Article, then and in such event, the jury shall disregard any such evidence so obtained.

   We have interpreted this provision as only requiring a charge thereunder "if there is a factual dispute as to how the evidence was obtained." *Thomas v. State*, 723 S.W.2d 696, 707 (Tex.Crim. App.1986). In other words, a defendant is not entitled to a charge if the defendant does not controvert or challenge the State's facts, as opposed to the legal conclusions to be drawn from the facts. *Id.*

judgment of acquittal based upon insufficiency of the evidence as to the legality of the detention. This case should be reversed due to trial error, and the State afforded the opportunity to reprosecute.[4] *Ortega,* 668 S.W.2d at 705 n. 10 (if State objects to increased burden in charge and evidence is found insufficient to support the verdict because of trial court's error in this regard, "those reviewable rulings of the trial court found erroneous by the appellate court constitute 'trial error,' and the State is free to pursue another prosecution").

The majority does not mention the Court's opinions in *Ortega* and *Stephens,* even though those cases provide an exception to application of the *Benson/Boozer* doctrine which applies in this case. The State does not cite to *Benson* and *Boozer,* much less present an argument for overruling those opinions. It has always been my understanding that this Court should not strain to overrule precedent when not called for on the facts at hand, but should wait for the appropriate case where the parties raise and have the opportunity to argue the issue, and where the precedent to be overruled would be otherwise be applicable and control the disposition of the case at hand. *See Blanco v. State,* No. 098–97 (State's pet. granted April 30, 1997)(State urges Court to re-examine *Benson /Boozer* ). As a believer in the adversarial system, I would wait for the appropriate case where the Court could entertain the best arguments on the issue from both sides of the table before rendering a decision.

I concur in the judgment of the Court.

BAIRD and OVERSTREET, JJ., join.

---

4. This rule is consistent with the Court's holdings as to reprosecution of a lesser included offense upon a finding on appeal of insufficiency of the evidence on the aggravating element of the greater offense. In *Ex Parte Granger,* 850 S.W.2d 513 (Tex.Crim.App.1993), the defendant was convicted of capital murder, but on direct appeal, we found the evidence insufficient as to the capital element. The defendant claimed his subsequent prosecution for murder was barred by double jeopardy. We disagreed. We explained that allowing the State to reprosecute placed the defendant in the position he would have been in absent the trial court's error in submitting the capital charge. Because the evidence was only insufficient as to the capital element, if the lesser included offense alone had gone to the jury, the defendant would have been convicted. We emphasized, however, that *had no charge been included on the lesser offense, the defendant could not have been retried for that offense:*

> ... We were careful to point out repeatedly in our opinion [in another case where a jury instruction was *not* given on the lesser included offense at the first trial] that at the original trial, the State had chosen not to request an instruction on the lesser included offense of rape. *In other words, the State had, at the first trial, failed to pursue the lesser included offense charge after jeopardy attached to it and was, therefore, forever barred from prosecuting it again.*
>
> As the court correctly explained in [another case] when faced with essentially the same facts:
>
> > ... the jury ... was not instructed on [the lesser offense]. It appears that the state simply chose not to pursue a conviction for that offense, although the [defendant] was in jeopardy as to that offense. Had it so elected, the state could have requested the additional instruction [on the lesser offense]. Therefore, with respect to the [lesser] offense ..., the trial was abandoned or aborted by the state without manifest necessity.
>
> *Id.* at 520(emphasis in original).