**Steven Troy CURRY, Appellant,**

v.

**The STATE of Texas, Appellee.**

No. 722–98.

Court of Criminal Appeals of Texas, En Banc.

Sept. 16, 1998.

Charles Freeman, Houston, for appellant.

Jeffrey L. Van Horn, Asst. State's Atty., Matthew Paul, State's Atty., Austin, for State.

## OPINION ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW

PER CURIAM.

A jury convicted Appellant of aggravated kidnapping and assessed punishment at confinement for life and a fine of $5,000.00. The Court of Appeals reversed Appellant's conviction after deciding that the trial court had erred under Article 28.10, V.A.C.C.P., by allowing the State to amend the indictment after the trial had started. *Curry v. State*, 966 S.W.2d 203 (Tex.App.—El Paso 1998). The court also addressed Appellant's sufficiency contention and agreed that the record did not contain any evidence that Appellant abducted the victim by using and threatening to use deadly force, as was alleged in the unamended indictment. However, the court found the evidence sufficient by "compar[ing] the evidence to the theory of the offense submitted to the jury through the court's charge." *Id.* at 207.

Appellant has filed a petition for discretionary review contending that the Court of Appeals erred by not applying *Malik v. State*, 953 S.W.2d 234, 239 (Tex.Cr.App.1997), in which this Court stated that no longer shall sufficiency of the evidence be measured

by the jury charge actually given. "Sufficiency should now be measured by the elements of the offense as defined by the hypothetically correct jury charge for the case." *Malik,* 953 S.W.2d at 240.

We grant grounds one and two of Appellant's petition for discretionary review, vacate the judgment of the Court of Appeals, and remand this case to that court to reconsider Appellant's sufficiency claim in light of *Malik.* See also *Fisher v. State,* 887 S.W.2d 49 (Tex.Cr.App.1994).