IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






PD-1202-03






THOMAS KERR GRAY, III, Appellant



v.



THE STATE OF TEXAS





ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW


FROM THE FIRST COURT OF APPEALS


HARRIS COUNTY





 Meyers, J., filed a dissenting opinion.


DISSENTING OPINION 



 I join Judge Cochran's dissenting opinion and add these comments regarding the
jury charge in this case. A good method for determining whether a charge is correct is to
consider the factors enumerated in Malik v. State, 953 S.W.2d 234 (Tex. Crim. App.
1997), in describing a hypothetically correct jury charge. Under the sufficiency analysis
in Malik, we stated that the "sufficiency of the evidence should be measured by the
elements of the offense as defined by the hypothetically correct jury charge for the case. 
Such a charge would be one that accurately sets out the law, is authorized by the
indictment, does not unnecessarily increase the State's burden of proof or unnecessarily
restrict the State's theories of liability, and adequately describes the particular offense for
which the defendant was tried." Id. at 240.

 The information in this case alleged only intoxication by alcohol. However, the
application paragraph instructed the jury to convict the defendant if it found "intoxication
by reason of the introduction of alcohol into his body, either alone or in combination with
Respiratol, Zoloft, Klonopin and/or Depical." This application paragraph was not
authorized by the charging instrument. The best that I can discern from the majority
opinion is that the trial court can now expand the application paragraph to include
additional theories of liability and incorporate evidence on how the defendant became
intoxicated even though that intoxicant was not pled in the information. I am afraid that I
have not come across this authority before. Because this is error in the charge and
Appellant timely objected, I would hold that the error was not harmless and reversal is
required. See Almanza v. State, 686 S.W.2d 157 (Tex. Crim. App. 1985).

 For these reasons, I respectfully dissent.


 Meyers, J.


Filed: December 15, 2004

Publish