NO.
12-06-00314-CR

 

IN THE COURT OF APPEALS

 

TWELFTH COURT OF APPEALS DISTRICT

 

TYLER, TEXAS

 

 

STEPHEN SKILLERN,       §          APPEAL
FROM THE 217TH

APPELLANT

 

V.        §          JUDICIAL
DISTRICT COURT OF

 

THE STATE OF TEXAS,

APPELLEE   §          ANGELINA
COUNTY, TEXAS

 




 
 
 
 
 
 
 
 
 
 
 
 
 
 
 


 

 



MEMORANDUM OPINION

            Stephen
Skillern appeals his conviction for possession of a firearm by a felon.  In two issues, he argues that the evidence is
legally and factually insufficient to sustain his conviction.  We affirm.

 

Background

            Appellant
was the passenger in the rear seat of a four door pickup truck.  Michael Hartsfield was driving and John
Gordon was a passenger in the front seat. 
The three men were going to a residence in Angelina County.  As he drove down a hill toward the home,
Hartsfield observed several cars belonging to sheriff’s deputies either in his
way or at the home.  Because he was
intoxicated and had a glass methamphetamine smoking pipe in his pocket,
Hartsfield decided not to go down the hill. 
Hartsfield also had a shotgun beside his seat, but this did not enter
into his decision, because he did not consider his possession of the gun to be
illegal.  Hartsfield put the truck in
reverse and attempted to leave the area. 
As he did so, Angelina County Sheriff Kent Henson and his chief deputy
came up behind him in another vehicle. 
They viewed his behavior as suspicious, and Sheriff Henson maneuvered
his vehicle to keep Hartsfield from driving away.








            Hartsfield
initially tried to drive around the sheriff’s vehicle but ultimately relented
and stopped the truck.  He threw his
glass smoking pipe on the floorboard and told Gordon to smash it.  He handed the shotgun to Appellant in the
back seat.  In the meantime, Sheriff
Henson and his deputy drew their weapons and instructed the men to exit the
vehicle.  Hartsfield and Gordon got
out.  Appellant remained in the back of
the vehicle for between sixty and ninety seconds.  During that time, Sheriff Henson heard what
he thought to be the sound of a shotgun being “racked,” that is the chamber
being cycled, and he saw what he thought was the barrel of a gun in motion in
the rear seat area of the truck.  The
deputy instructed Appellant to exit the vehicle and told Appellant that he
would shoot him if he did not comply. 
After a delay, Appellant exited the vehicle.  The back doors were locked, and Appellant
crawled out over the front seats.  He was
arrested once he exited the truck.

            Appellant
was a convicted felon, and an Angelina County grand jury indicted him for the
felony offense of possession of a firearm by a felon.  Appellant pleaded not guilty, and a trial was
held.  At trial, Hartsfield testified
that he had loaded the shotgun with a green cartridge in the chamber and three
red cartridges in the magazine.  Police
officers testified that they found a shotgun 
on the back bench seat of the truck and the green, or first loaded,
cartridge on the floorboard of the backseat. 
Appellant testified that Hartsfield handed him the shotgun and he
immediately dropped it to the floor in the back of the truck.  He testified that he did not “rack” the gun
and offered no explanation for how the green cartridge came to be on the floor
in the back of the truck.  The jury found
Appellant guilty.  At a separate
punishment hearing, Appellant admitted that he had twice before been convicted
of felony offenses and was sentenced to imprisonment for twenty–five
years.  This appeal followed.

Sufficiency
of the Evidence

            In
two issues, Appellant argues that the evidence was insufficient to support his
conviction.  Specifically, Appellant
argues that there was insufficient evidence that his possession of the firearm
was voluntary.  

Standards of Review

            The
due process guarantee of the Fourteenth Amendment requires that a conviction be
supported by legally sufficient evidence. 
See Jackson v. Virginia, 443 U.S. 307, 315–16, 99
S. Ct. 2781, 2786–87, 61 L. Ed. 2d 560 (1979); Ross v. State, 133
S.W.3d 618, 620 (Tex. Crim. App. 2004); Willis v. State, 192
S.W.3d 585, 592 (Tex. App.–Tyler 2006, pet. ref’d).  Evidence is not legally sufficient if, when
viewing the evidence in a light most favorable to the verdict, we conclude that
no rational trier of fact could have found the essential elements of the
offense beyond a reasonable doubt.  See
Jackson, 443 U.S. at 319, 99 S. Ct. at 2789; see also Johnson
v. State, 871 S.W.2d 183, 186 (Tex. Crim. App. 1993).

            While
legal sufficiency review is all that is required by the U.S. Constitution, the
Texas Court of Criminal Appeals has determined that the Texas Constitution
requires review of the factual sufficiency of the evidence.  Clewis v. State, 922 S.W.2d
126, 129–30 (Tex. Crim. App. 1996).  We
review the factual sufficiency of the evidence without the light most favorable
to the verdict, and we determine whether the evidence supporting the verdict is
so obviously weak as to undermine our confidence in the jury’s determination,
or the proof of guilt, although adequate if taken alone, is greatly outweighed by
contrary proof.  Johnson v. State,
23, S.W.3d 1, 11 (Tex. Crim. App. 2000); see also Watson v. State,
204 S.W.3d 404, 417 (Tex. Crim. App. 2006) (Evidence is factually insufficient
only when reviewing court objectively concludes that the great weight and
preponderance of the evidence contradicts the jury’s verdict.).

            The
sufficiency of the evidence is measured against the offense as defined by a
hypothetically correct jury charge.  See
Malik v. State, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997).  A hypothetically correct jury charge “accurately
sets out the law, is authorized by the indictment, does not unnecessarily
increase the State’s burden of proof or unnecessarily restrict the State’s
theories of liability, and adequately describes the particular offense for
which the defendant is tried.”  Id.

            As
alleged in the amended indictment, the State was required to prove that
Appellant had been convicted of a felony and possessed a firearm away from his
home.  See Tex. Penal Code Ann. § 46.04(a)(2) (Vernon 2006).  

Analysis

            Appellant
conceded at trial that he was away from his home, that he possessed the
firearm, and that he was a convicted felon. 
The issue at trial, and on appeal, is whether his possession of the
firearm was voluntary, and therefore illegal. 
Texas Penal Code section 6.01(b) provides that possession is a voluntary
act if the possessor knowingly obtains or receives the thing possessed or is
aware of his control of the thing for a sufficient time to permit him to
terminate his control.

            Sheriff
Henson testified that Appellant was in the back of the truck for ninety seconds
and that he heard the shotgun being “racked” during the time that Appellant was
the only person in the truck.  The
recovery of the chambered, and therefore first to be ejected, shotgun cartridge
supports the sheriff’s testimony. 
Possession of a firearm for sufficient time to “rack” the slide and
eject a cartridge is longer than it would have taken for Appellant to terminate
his control of the shotgun.  The jury
could have concluded that Appellant possessed the shotgun for that period of
time.  Therefore, the evidence is legally
sufficient to show that Appellant possessed the shotgun voluntarily.  We overrule Appellant’s first issue.  

            With
respect to factual sufficiency review, all of the available evidence supported
the basic story that Gilbert handed the shotgun to Appellant after the traffic
stop.  Appellant’s further testimony that
he ended his control of the shotgun as quickly as he could, if believed, would
be sufficient to vindicate his position. 
The law requires no more. See Tex. Penal Code Ann. § 6.01(b) (Vernon
2006).  But the jury was not required to
believe Appellant.  In fact, they did not
believe him, concluding instead that he possessed the shotgun at least long
enough to work the action and eject the green cartridge.

            The
evidence supporting that conclusion is not so weak that our confidence in the
verdict is undermined.  The sheriff
testified that he heard the shotgun being “racked” and that Appellant was
behaving suspiciously.  And the physical
evidence supports the verdict.  The owner
of the gun testified that it was loaded in a specific way and Appellant is the
only person who could have ejected the green cartridge.  

            Nor
is the countervailing evidence so strong that it outweighs the evidence of
guilt.  Appellant’s testimony contradicts
the verdict, as does the testimony of the men arrested with him who said that
they did not hear the gun being cycled. 
But the jury was in the best position to observe the demeanor of the
witnesses, and the jury has the duty to reconcile conflicts in the
evidence.  See, e.g., Goodman
v. State, 66 S.W.3d 283, 287 (Tex. Crim. App. 2001).  In light of the sheriff’s testimony and the
physical evidence, we hold that the jury’s resolution of the contested issues
was reasonable.  We overrule Appellant’s
second issue. 

 

Disposition

            We
affirm the judgment of the trial court.

                                                                                                     JAMES T. WORTHEN    

                                                                                                                 Chief Justice

Opinion
delivered May 29, 2007.

Panel consisted of Worthen,
C.J., Griffith, J., and Hoyle, J.

(DO NOT PUBLISH)