

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-15-00145-CR

_____

COREY HAYES PARKER, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 196th District Court
Hunt County, Texas
Trial Court No. 28,779

Before Morriss, C.J., Moseley and Burgess, JJ.
Memorandum Opinion by Chief Justice Morriss

# MEMORANDUM OPINION

Armed with a no-knock search warrant, the Hunt County Sheriff's Office was in the midst of a pre-dawn raid at the residence of Cory Hayes Parker. Sheriff's officers Mike Radney and Kelly Phillips, wearing vests with bright white or yellow lettering "SHERIFF," had gained entrance to the residence and, with other officers, were spreading throughout the house and reportedly shouting "sheriff's office" and "search warrant." Radney testified that he shouted those words as he kicked open the door into the bedroom and entered, followed by Phillips. Radney recounted that he shouted the announcement again before opening the door into the bedroom closet, in which Parker was located. Radney further testified that, as the door opened, he saw Parker standing in the closet pointing a shotgun at Radney's chest, prompting Radney to yell "gun," to duck out of the way. Phillips testified that, with Radney out of the way, Parker leveled the shotgun at Phillips. Parker was charged with two counts of aggravated assault with a deadly weapon against a public servant, one for each of the two officers. From two convictions and two concurrent sentences of eight years' confinement, Parker has appealed both convictions. This appeal involves Parker's conviction regarding Phillips and is based only on Parker's claim that the evidence supporting his conviction was legally insufficient.[1] We affirm, since the evidence is sufficient.

---

[1]Parker also appeals from the separate conviction for aggravated assault against a public servant, regarding Radney, in cause number 06-15-00144-CR. These cases were both consolidated for trial. Parker has filed a single, consolidated brief challenging the legal sufficiency of the evidence supporting both convictions. The complete factual background giving rise to all of these convictions is the same and is set forth in our opinion of this date in cause number 06-15-00144-CR. Therefore, this opinion discusses only the facts necessary to decide this appeal.

In evaluating legal sufficiency, we review all the evidence in the light most favorable to the trial court's judgment to determine whether any rational jury could have found the essential elements of the offense beyond a reasonable doubt. *Brooks v. State*, 323 S.W.3d 893, 912 (Tex. Crim. App. 2010) (citing *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)); *Hartsfield v. State*, 305 S.W.3d 859, 863 (Tex. App.—Texarkana 2010, pet. ref'd). When reviewing for legal sufficiency, we give deference to the responsibility of the jury "to fairly resolve conflicts in testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts." *Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007) (citing *Jackson*, 443 U.S. at 318–19); *Clayton v. State*, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007).

Legal sufficiency of the evidence is measured by the elements of the offense as defined by a hypothetically correct jury charge. *Malik v. State*, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997). The "hypothetically correct" jury charge is "one that accurately sets out the law, is authorized by the indictment, does not unnecessarily increase the State's burden of proof or unnecessarily restrict the State's theories of liability, and adequately describes the particular offense for which the defendant was tried." *Id.*

The indictment in this case alleged that Parker intentionally or knowingly threatened Phillips with imminent bodily injury by pointing a firearm at him while knowing that he was a public servant, a sheriff's deputy, executing a search warrant. Parker committed the offense of aggravated assault against a public servant if: (1) he (2) intentionally or knowingly (3) used or

3

exhibited a deadly weapon[2] (4) to threaten Phillips with imminent bodily injury (5) while knowing that Phillips was a public servant (6) who was lawfully discharging an official duty. *See* TEX. PENAL CODE ANN. § 22.01(a)(2) (West Supp. 2015), § 22.02(a)(2), (b)(2)(B) (West 2011). A jury may infer a defendant's intent from circumstantial evidence such as the defendant's words or conduct. *Lozano v. State*, 359 S.W.3d 790, 814 (Tex. App.—Fort Worth 2012, pet. ref'd).

The often-challenged component of knowledge that the threatened individual was a public servant lawfully exercising his duties poses no impediment here. Both officers were wearing vests that displayed, in bright white or yellow lettering, "SHERIFF" on the front and back.[3] Several of the officers testified that, as they entered and spread throughout the house, with the no-knock search warrant, they were shouting "sheriff's office" and "search warrant." Radney testified that, when he kicked open the door to the bedroom leading to the closet in which Parker was hiding, Radney shouted, "Sheriff's office; search warrant." Before opening the closet door, he shouted the announcement again, directing it toward the closet.

The component of threatening Phillips with a weapon, likewise, poses no real issue. Phillips testified that, after Radney opened the closet door and moved out of the way, Phillips saw that Parker had "leveled"—pointed—the shotgun at him. Phillips noted that Parker was holding the shotgun with both hands, with his left hand holding the shotgun's "forearm" and his right hand

---

[2]A deadly weapon is a firearm or anything manifestly designed, made, or adapted for the purpose of inflicting death or serious bodily injury. TEX. PENAL CODE ANN. §1.07(a)(17)(A) (West Supp. 2015).

[3]A photograph of the officers in these vests was admitted into evidence.

holding the shotgun by its pistol-grip. Because Phillips was in fear for his life, he quickly fired four shots from his pistol into the closet.[4]

Parker testified that the first he knew of the raid was being startled from sleep, witnessing the mirror on the back of his bedroom door exploding, and trying to get into the closet. He claims he had not heard any voices in the house, just banging noises. As he crawled into the closet, he believes he was shot in the buttock. The shotgun in the closet was "just kind of laying there," either above or beneath his legs. After he got into the closet, he "could hear stuff . . . [but] couldn't really move around . . .[,] and the next thing [he] knew, [he] was being drug out of the closet." Parker denied that he had any reason to believe that law enforcement was involved, as he never heard anyone say "sheriff's department," "police," "search warrant," or "come out of the closet." Parker did not remember shutting the closet door or "anything else about being . . . in the closet," and he admitted that "there was a lot of stuff" that he could not remember about the events of that night. He denied ever threatening the officers in any way. Laura Simmons, a Texas Ranger, testified that Parker claimed, when interviewed, that he was shot as he ran into the bedroom closet and that he never pointed the shotgun at anyone.[5]

Here, the jury was the exclusive judge of the credibility of witnesses and the weight to be given their testimony and was solely responsible for reconciling conflicts in the evidence. *Wyatt v. State*, 23 S.W.3d 18, 30 (Tex. Crim. App. 2000). From the evidence, the jury was free to disbelieve Parker's testimony and to determine or infer that Parker knew that the men in the

---

[4]Phillips initially maintained that he fired three shots, but an inspection of his gun revealed that four shots had been fired.

[5]A video recording of the interview was played for the jury.

5

bedroom were sheriff's officers serving a search warrant and that he intentionally or knowingly pointed the shotgun at Phillips, thereby threatening him with imminent bodily injury. *See id.* Therefore, the jury's verdict was supported by legally sufficient evidence. *See Brooks*, 323 S.W.3d at 912. We overrule this point of error.

We affirm the trial court's judgment.


Josh R. Morriss, III
Chief Justice

Date Submitted:       March 10, 2016
Date Decided:         May 4, 2016

Do Not Publish