

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

_____

No. 07-18-00120-CR
_____

VIOLA HERNANDEZ, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 242nd District Court
Hale County, Texas
Trial Court No. B20422-1704; Honorable Kregg Hukill, Presiding

December 11, 2018

## MEMORANDUM OPINION

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

Appellant, Viola Hernandez, was convicted by a jury of possession of a controlled substance, to-wit: methamphetamine, in an amount of less than one gram, a state jail felony.[1] The jury then assessed her punishment at one hundred eighty days confinement

---

[1] TEX. HEALTH & SAFETY CODE ANN. § 481.115(a), (b) (West 2017).

in the State Jail Division of the Texas Department of Criminal Justice. By a single issue, she contends the evidence was insufficient to support the jury's verdict. We affirm.

BACKGROUND

On October 15, 2016, Appellant was riding as a passenger in a vehicle being driven by Jason Owens when he was pulled over by Trooper Corey Kernell of the Texas Department of Public Safety for a traffic violation. Neither Jason nor Appellant were the owners of the vehicle. When it was determined that Jason did not have a driver's license or other form of identification on him at the time, he was asked to exit the vehicle. Due to mechanical issues with the vehicle, Jason was required to exit via the passenger door. When Appellant exited the vehicle to allow Jason to get out, she was holding in her hands a purple purse. According to Trooper Kernell's testimony, that same purple purse was later located on the passenger floorboard between Appellant's feet.

Trooper Kernell asked for and received permission from Jason to conduct a search of the vehicle. At the same time, he asked Appellant for permission to search the purple purse in her possession. Appellant consented to the search of the purse but immediately stated the purse was not hers. There being no objection to the search, Trooper Kernell proceeded to search the purple purse, locating a glass pipe containing a crystalline residue that forms the basis of the prosecution in this case. The search also revealed a prescription bottle and receipt issued to Appellant and a prescription bottle for medications prescribed to "Olga."[2] Olga was not present during the traffic stop. There were no other identifying documents contained in the purse. Trooper Kernell then

---

[2] The record does not identify Olga's last name.

arrested Appellant for possession of a controlled substance and Jason for an outstanding warrant for drug possession.

At trial, the State did not call the owner of the vehicle or Olga. A forensic chemist for the Texas Department of Public Safety testified that the residue in the glass pipe consisted of methamphetamine in an amount of .06 grams.

STANDARD OF REVIEW

The only standard that a reviewing court should apply in determining whether the evidence is sufficient to support each element of a criminal offense the State is required to prove beyond a reasonable doubt is the standard set forth in *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979). *Brooks v. State*, 323 S.W.3d 893, 912 (Tex. Crim. App. 2010). In determining whether the evidence is legally sufficient to support a conviction, a reviewing court considers all the evidence in the light most favorable to the verdict and determines whether, based on that evidence and reasonable inferences to be drawn therefrom, a rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Queeman v. State*, 520 S.W.3d 616, 622 (Tex. Crim. App. 2017).

The jury is the sole judge of the credibility of the witnesses and the weight to be given to their testimonies, and a reviewing court must defer to those determinations and not usurp the jury's role by substituting its judgment for that of the jury. *Id.* (citing *Montgomery v. State*, 369 S.W.3d 188, 192 (Tex. Crim. App. 2012)). The duty of a reviewing court is simply to ensure that the evidence presented supports the fact finder's verdict and that the State has presented a legally sufficient case of the offense charged.

3

*Id.* When a reviewing court is faced with a record supporting contradicting conclusions, the court must presume the fact finder resolved any such conflicts in favor of the verdict, even when not explicitly stated in the record. *Id.* "Under this standard, evidence may be legally insufficient when the record contains no evidence of an essential element, merely a modicum of evidence of one element, or if it conclusively establishes a reasonable doubt." *Id.* (quoting *Britain v. State*, 412 S.W.3d 518, 520 (Tex. Crim. App. 2013)). Sufficiency of the evidence is measured against "the elements of the offense as defined by the hypothetically correct jury charge for the case." *See Malik v. State*, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997).

POSSESSION OF A CONTROLLED SUBSTANCE

As indicted in this case, a person commits the offense of possession of a controlled substance if she knowingly or intentionally possesses a controlled substance listed in Penalty Group 1 of the Texas Health and Safety Code. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.115(a), (b) (West 2017). Methamphetamine is a controlled substance listed in Penalty Group 1. *See* § 481.102(6) (West Supp. 2018). Therefore, in order to support the verdict rendered in this case, the State was required to prove, beyond a reasonable doubt, that (1) Appellant, (2) knowingly possessed, (3) methamphetamine, (4) in an amount of less than one gram.

To prove *possession*, the State was required to show that Appellant (1) exercised "actual care, custody, control, or management" of the substance and (2) knew the matter she possessed was contraband. *See* § 481.002(38) (West 2017). *See also* TEX. PENAL CODE ANN. § 1.07(a)(39) (West Supp. 2018); *Poindexter v. State*, 153 S.W.3d 402, 405-06 (Tex. Crim. App. 2005).

4

ANALYSIS

Here, Appellant contends the evidence was insufficient because she immediately denied ownership of the purple purse when confronted by Trooper Kernell and a search of its contents revealed a prescription bottle containing medications prescribed to Olga. She further contends that because the purse did not contain any personal identifiers showing to whom it belonged, and because the driver of the vehicle was arrested on an outstanding drug warrant, a reasonable juror could have determined that the purse belonged to someone other than Appellant. In support of her argument, she contends the State did not meet its burden of proof because it did not refute by the presentation of evidence the possibility that the purse belonged to either the owner of the vehicle or Olga, or the possibility that Jason secreted the glass pipe into the purse as he exited the vehicle in compliance with Trooper Kernell's instructions.

Unfortunately for her, Appellant's arguments only address what the evidence "didn't show," not what it did show. As the exclusive fact finder, the jury was capable of assessing the credibility of the witnesses and the weight to be given their testimonies. Here, the undisputed evidence established that, at the time Jason exited the vehicle, Appellant was holding the purse in her hands and that it remained in close proximity to her after she re-entered the vehicle. The undisputed evidence further established that the purse contained a receipt and a prescription bottle for medications prescribed to Appellant. Trooper Kernell also testified that the purse contained a package of synthetic marihuana. From this evidence, we conclude a rational juror could have found the essential elements of the offense beyond a reasonable doubt. Appellant's sole issue is overruled.

CONCLUSION

The trial court's judgment is affirmed.


Patrick A. Pirtle
                                            Justice

Do not publish.