

# NUMBER 13-18-00335-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

DWIGHT LAMAR WOOTEN JR.,                                        Appellant,

v.

THE STATE OF TEXAS,                                              Appellee.

## On appeal from the 18th District Court
## of Johnson County, Texas.

# MEMORANDUM OPINION

**Before Justices Benavides, Hinojosa, and Tijerina[1]
Memorandum Opinion by Justice Tijerina**

Appellant Dwight Lamar Wooten Jr. appeals from his conviction of two counts of

failure to comply with sex offender registration requirements. *See* TEX. CODE CRIM. PROC.

---

[1] This case is before this Court on transfer from the Tenth Court of Appeals in Waco pursuant to a docket-equalization order issued by the Supreme Court of Texas. *See* TEX. GOV'T CODE ANN. § 73.001.

arts. 62.001, 62.101(a). For each count, Wooten received a sentence of twenty years' incarceration to be served concurrently. By two issues, Wooten contends that the evidence is insufficient to support the verdict on both counts. We affirm.

## I.  SUFFICIENCY OF THE EVIDENCE

By his first issue, Wooten contends that the evidence is insufficient to support the verdict because the State failed to prove beyond a reasonable doubt that he was not living at the address he listed on his sexual offender registration form. By his second issue, Wooten contends that the evidence is insufficient to support the verdict because the State did not prove that he failed to provide his online identifiers.

## A.  Standard of Review and Applicable Law

In determining the sufficiency of the evidence, we consider all the evidence in the light most favorable to the verdict and determine whether a rational fact finder could have found the essential elements of the crime beyond a reasonable doubt based on the evidence and reasonable inferences from that evidence. *Whatley v. State*, 445 S.W.3d 159, 166 (Tex. Crim. App. 2014); *Brooks v. State*, 323 S.W.3d 893, 898–99 (Tex. Crim. App. 2010). The fact finder is the exclusive judge of the facts, the credibility of witnesses, and the weight to be given their testimony. *Brooks*, 323 S.W.3d at 899. We resolve any evidentiary inconsistencies in favor of the judgment. *Id.*

Sufficiency of the evidence is measured by the elements of the offense as defined by a hypothetically correct jury charge. *Villarreal v. State*, 286 S.W.3d 321, 327 (Tex. Crim. App. 2009); *Malik v. State*, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997). "Such a charge is one that accurately sets out the law, is authorized by the indictment, does not unnecessarily increase the State's burden of proof or unnecessarily restrict the State's

2

theories of liability, and adequately describes the particular offense for which the defendant was tried." *Villarreal*, 286 S.W.3d at 327; *see Malik*, 953 S.W.2d at 240.

Pursuant to Chapter 62 of the Texas Code of Criminal Procedure, a person who commits a reportable sexual offense must register as a sex offender with the local law enforcement authority. *See* TEX. CODE. CRIM. PROC. ANN. art. 62.051. Here, Wooten committed the offense of indecency with a child, which constitutes a reportable offense. *See id*. art. 62.001. As applicable here, a sex offender who intends to make a change of address must, within seven days of the intended change, report in person to the relevant local law-enforcement authority with the person's anticipated move date and new address. *Id*. art. 62.055. In addition, a sex offender must report any changes to any online identifier included on the person's registration form or the establishment of any new online identifier not already included on the person's registration form. *Id*. art. 62.0551. A sex offender who fails to comply with any requirement of Chapter 62 commits a criminal offense. *Id*. at art. 62.102(a).

**B.    Pertinent Facts**

The evidence showed that Wooten stated on his registration form that he lived with his sister Courtney Clark. Clark testified that in July 2017, she lived at her residence with her mother, her husband, and her three children. Clark agreed with the prosecutor that on July 14, 2017, "some police officers" came to her house investigating whether Wooten lived at her residence. Clark testified that she told the officers that Wooten was not living there and that "as far as [she] knew he had been staying in some hotels," but in previous months, he had spent "a few nights" at her house when their mother could not pay for the hotels. However, according to Clark, Wooten had not stayed at her residence longer than

"a week-and-a-half," and he had not been staying at her house for at least one week. On re-direct examination, Clark clarified that Wooten was not physically living at her residence in July 2017 when the officers visited her residence.

Lieutenant Robert Shawn Cambron, an officer in charge of the sex offender registration program with the Cleburne Police Department, testified that Wooten signed his registration form on April 20, 2017 and listed his registered address as Clark's residence. According to Lieutenant Cambron, Cleburne police officers went to verify whether Wooten lived at Clark's residence on July 14, 2017, but Wooten was not there; and on July 20, 2017, the officers went back to Clark's residence, and again, Wooten was not there.

Lieutenant Cambron testified that he discovered that Wooten had completed a financial application in municipal court wherein he provided an email address that he had not registered. The financial application, admitted into evidence, includes Wooten's full name, date of birth, driver's license number, cell phone number, mother's information, father's information, and place of employment, which all match the information in Wooten's sex offender registry. However, Wooten's sex offender registry does not include the email address that was included on the financial application.

C.     Discussion

First, Wooten argues that the evidence shows that he lived at Clark's residence, and therefore there is no evidence supporting a finding that he failed to report a change of address as required by Chapter 62. *See* TEX. CODE. CRIM. PROC. ANN. art. 62.051. Specifically, Wooten argues that all evidence indicates that he lived at Clark's residence, there was no "actual testimony from any officer that went to the residence to confirm that

4

[he] was living there," Clark "who clearly doesn't like [him] stated that he was living there until he allegedly pulled a knife on her husband a few days before the police arrived,"[2] and there was evidence that his "belongings including his mail [were] there." However, viewing the evidence in the light most favorable to the verdict, the evidence showed Wooten did not reside at Clark's residence during the month of July 2017 when the officers went to her residence. Therefore, Wooten was required to report his change of address within seven days of the intended change, which Wooten did not do. *See id*. art. 62.055.

Next, Wooten argues that the evidence was insufficient to show that he failed to register an online identifier because the State "never proved that [his] signature was on the registration notice form nor did they prove that [he] filled out a financial application with a different email address." Wooten states that the witness who testified concerning the documents admitted into evidence "had no basis for testifying as to the authenticity of the signature as he neither witnessed [Wooten] reviewing or signing any form nor did [he] testify that he recognized what [Wooten's] signature looked like." Viewing the evidence in the light most favorable to the verdict, the evidence provided that the financial application, which had an email address for Wooten that had not been registered, included Wooten's full name, date of birth, driver's license number, mother and father's information, and his place of employment.

Accordingly, we conclude that a rational fact finder could have found that Wooten

---

[2] Assuming Clark had testified that Wooten lived at her residence until a few days before police officers arrived, he was required to, within seven days of his *intended move*, notify the local law enforcement authority of his *anticipated* move date and new address. *See* TEX. CODE CRIM. PROC. ANN. art. 62.055. It is undisputed that Wooten did not do so. Moreover, as previously stated, Clark testified that Wooten did not reside at her residence during the month of July 2017 when officers visited her home.

5

failed to comply with the registration requirements by not registering with the local law enforcement authority his change of address and anticipated move date within seven days of his intent to move and by not reporting the identification of an online identifier to the local law enforcement authority beyond a reasonable doubt based on the evidence and reasonable inferences from that evidence.[3] *Whatley*, 445 S.W.3d at 166; *Brooks*, 323 S.W.3d at 898–99. We overrule Wooten's first and second issues.

## II.    CONCLUSION

We affirm the trial court's judgment.

JAIME TIJERINA,
Justice

Do not publish.
TEX. R. APP. P. 47.2(b).

Delivered and filed the
30th day of January, 2020.

---

[3] "Online identifier" is defined as

electronic mail address information or a name used by a person when sending or receiving an instant message, social networking communication, or similar Internet communication or when participating in an Internet chat. The term includes an assumed name, nickname, pseudonym, moniker, or user name established by a person for use in connection with an electronic mail address, chat or instant chat room platform, commercial social networking site, or online picture-sharing service.

TEX. CODE CRIM. PROC. ANN. art. 62.001(12).