NO. 07-09-0057-CR

 

IN THE COURT OF APPEALS

 

FOR THE SEVENTH DISTRICT OF TEXAS

 

AT AMARILLO

 

PANEL A

 

FEBRUARY 18, 2010

 

______________________________

 

 

TAMMY DIANE RYALS, APPELLANT

 

V.

 

STATE OF TEXAS, APPELLEE

 

_________________________________

 

FROM THE 223rd DISTRICT COURT OF GRAY
COUNTY;

 

NO. 7152; HONORABLE LEE WATERS, JUDGE

 

_______________________________

 

Before CAMPBELL and HANCOCK and PIRTLE, JJ.

MEMORANDUM OPINION

            Appellant,
Tammy Diane Ryals, was charged by indictment with the third degree felony
offense of possessing a prohibited substance in a correctional facility.[1]  A jury found her guilty and assessed sentence
at three years confinement.  By one issue,
Appellant contests the legal sufficiency of the evidence to sustain the
conviction.  We affirm.

Background

            On
January 26, 2005, Appellant was being detained in a general holding cell at the
Gray County jail.  While taking holding
cell inmates out of the cell one at a time for the purpose of allowing them to
make telephone calls, Jamie Schlabs, an employee of the Gray County Sheriff's
Department, was handed a note reading "Tammy Ryals has crack."  She was also verbally informed that the crack
was in a styrofoam cup.  Schlabs returned the inmate to the holding
cell and immediately collected all the styrofoam
cups.

            Schlabs
testified that as she picked up the cups, Appellant's demeanor changed and she
became "fidgety."  An
examination of the cups revealed that one cup contained a folded piece of pink
paper, which was identified as paperwork coming from Appellant's
arraignment.  Inside that paperwork, Schlabs
found a wad of tissue paper, and inside that tissue paper she found a white
powder, later chemically identified as cocaine. 
When asked what the substance was, Appellant responded that it "was
aspirin for her teeth."  Appellant
was subsequently charged and convicted of possessing a prohibited substance,
to-wit: cocaine, in a correctional facility. 





 

Standard of Review

Appellant contends the evidence was
legally insufficient to establish that she knew the substance was cocaine.  Evidence is legally insufficient if, when viewed in a light
most favorable to the prosecution, any rational trier of fact could not have
found each element of the offense beyond a reasonable doubt.  Jackson v. Virginia, 443 U.S. 307,
318, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560, 573 (1979); Laster v. State,
275 S.W.3d 512, 517 (Tex.Crim.App. 2009). 
This standard is the same in both direct and circumstantial evidence
cases.  Id.  275 S.W.3d at 517-18.

            Legal sufficiency of the
evidence to sustain a conviction is measured by the elements of the offense as
defined by a hypothetically correct jury charge.  Malik v. State, 953 S.W.2d 234, 239-40
(Tex.Crim.App. 1997).  This is done by
considering all the evidence that was before the juryCwhether proper or improperCso that we can make an assessment
from the jury's perspective.  Miles v.
State, 918 S.W.2d 511, 512 (Tex.Crim.App. 1996).  As an appellate court, we sit as a final, due
process safeguard, ensuring only the rationality of the factfinder,
and we must uphold the jury's verdict unless it is found to be irrational or
unsupported by more than a Amere modicum@ of evidence.  Moreno v. State, 755 S.W.2d 866, 867
(Tex.Crim.App. 1988).  




 

Analysis

As per the indictment in this case,
the State was required to prove that Appellant knowingly or intentionally
possessed a controlled substance, namely cocaine, in a correctional facility,
namely the Gray County Jail.  To prove possession, the State
was required to show that Appellant (1) exercised Aactual care, custody, control, or
management@ of the substance and (2) knew the
matter possessed was contraband.  See
' 481.002(38).  See also Tex. Penal Code Ann. ' 1.07(39) (Vernon Supp. 2009); Poindexter
v. State, 153 S.W.3d 402, 405-06 (Tex.Crim.App. 2005). 

Knowledge that the matter possessed was contraband may be
inferred from the acts, words, or conduct of the accused.  Grant
v. State, 989 S.W.2d 429, 433 (Tex. App.--Houston [14th Dist.] 1999, no
pet.).  Links used to establish care,
custody, control or management of the matter can likewise be used to establish
knowledge of the nature of the substance.

When, as here, the accused does not have actual physical
possession of the controlled substance when seized, it cannot be concluded or
presumed that the accused had possession over the substance unless there are
independent facts or circumstances that tend to connect or link[2]
the accused to the knowing possession of the contraband.  Evans
v. State, 202 S.W.3d 158, 161-62 (Tex.Crim.App. 2006).  Numerous nonexclusive factors have been
recognized as contributing to an evaluation of whether an accused is linked to
the contraband.  See Triplett v. State, 292 S.W.3d 205 (Tex.App.--Amarillo 2009, pet.
ref'd).  Those factors include: (1)
whether the contraband was recovered from a place or thing under the control of
the accused; (2) whether the contraband was conveniently accessible to the
accused; (3) whether the conduct of the accused indicated consciousness of guilt;
and (4) whether the accused made any incriminating statements.  Id. at 209.  

Here, several factors tended to link Appellant to the knowing
care, custody, control, or management of the contraband.  First, the note and verbal information given
to Schlabs established that the note-writer was aware the substance was not
only present, but that it was cocaine. 
From this evidence, a reasonable factfinder could presume that the
note-writer learned this information from Appellant.  Secondly, the contraband was discovered in a styrofoam cup, wrapped in tissue
paper, and placed inside Appellant's folded-up arraignment papers.  The secretion of a substance can be
circumstantial evidence that the person who placed the substance in that
location was attempting to avoid its discovery and was, therefore, aware of its
illegal nature.  Furthermore, upon being
asked to identify the substance, Appellant acknowledged not only consciousness
of its presence but also control by stating that it was for her teeth.  Finally, the fact that Appellant became
fidgety is some evidence of her consciousness of the illegal nature of the
substance.  

Based upon these facts, viewing the evidence in the light
most favorable to the verdict, we conclude the evidence is legally sufficient
to support the jury's implied finding that Appellant exercised "actual
care, custody, control, or management" of the substance and knew the
matter possessed was contraband. 
Appellant's issue is overruled.  

Conclusion

            Accordingly, the trial
court's judgment is affirmed.

 

 

                                                                                      Patrick A. Pirtle

                                                                                          Justice

 

 

Do not publish.











[1] Tex. Penal Code Ann. '
38.11(d)(1) (Vernon Supp. 2009). 





[2]The
Court of Criminal Appeals has recognized that the term "affirmative"
adds nothing to the plain meaning of "link" and now uses only the
word "link" to evaluate evidence of possession.  Evans
v. State, 202 S.W.3d 158, 161 n.9 (Tex.Crim.App. 2006).