

# NUMBER 13-12-00279-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

---

**RONALD GENE SETLER JR.,**                                           **Appellant,**

## v.

**THE STATE OF TEXAS,**                                             **Appellee.**

---

## On appeal from the 75th District Court
## of Liberty County, Texas.

---

## MEMORANDUM OPINION[1]

## Before Chief Justice Valdez and Justices Rodriguez and Vela
## Memorandum Opinion by Chief Justice Valdez

Appellant, Ronald Gene Setler Jr., appeals from his conviction for the state jail felony of theft of material—fifty percent copper under $20,000.[2] *See* TEX. PENAL CODE ANN. § 31.03(a), (e)(4)(F) (West Supp. 2011). The trial court sentenced Settler to

---

[1] This case is before the Court on transfer from the Ninth Court of Appeals in Beaumont pursuant to an order issued by the Supreme Court of Texas. *See* TEX. GOV'T CODE ANN. § 73.001 (West 2005).

[2] The jury found Settler "not guilty" of the offense of criminal mischief of the value of $1500 or more but less than $20,000. *See* TEX. PENAL CODE ANN. § 28.03 (West 2011).

eighteen months' confinement.  By two issues, Settler contends that the State failed to produce any evidence that Mark Stoesser, the alleged victim in the indictment, owned the stolen copper wire and of the market value of the copper wire.  We affirm.[3]

### I.  STANDARD OF REVIEW AND APPLICABLE LAW

In a sufficiency review, we examine the evidence in the light most favorable to the verdict to determine whether any rational fact-finder could have found the essential elements of the crime beyond a reasonable doubt.  *Jackson v. Virginia*, 443 U.S. 307, 319 (1979); *see Brooks v. State*, 323 S.W.3d 893, 898–99 (Tex. Crim. App. 2010).  The fact-finder is the exclusive judge of the facts, the credibility of witnesses, and of the weight to be given testimony.  *Brooks*, 323 S.W.3d at 899.  We must resolve any evidentiary inconsistencies in favor of the judgment.  *Id.*

We measure the legal sufficiency of the evidence by the elements of the offense as defined by a hypothetically correct jury charge.  *Coleman v. State*, 131 S.W.3d 303, 314 (Tex. App.—Corpus Christi 2004, pet. ref'd) (citing *Malik v. State*, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997)).  A person commits the offense of theft of copper under $20,000 if that person unlawfully appropriates the property consisting of at least fifty percent copper with the intent to deprive the owner of that property.  *See* TEX. PENAL CODE ANN. § 31.03(a), (e)(4)(F).  "Appropriation of property is unlawful if . . . it is without the owner's effective consent."  *See id.* 31.03(b).  Theft of a material is a state jail felony if the value is less than $20,000 and it is insulated or noninsulated tubing, rods, water

---

[3] Because this is a memorandum opinion and the parties are familiar with the facts, we will not recite them here except as necessary to advise the parties of the Court's decision and the basic reasons for it.  *See* TEX. R. APP. P. 47.4.

gate, stems, wire, or cable that consists of at least fifty percent copper.[4]  *See id.* §
31.03(e)(4)(F).

## II.  DISCUSSION

By his first issue, Settler contends that there is no evidence that Stoesser owned
the stolen copper wire.  We disagree.  Stoesser testified that he owned a ranch where
he planted various crops for a living.  Stoesser stated that on his property there is a
water pump.  Stoesser referred to the water pump as "our" water pump and explained
that he had utilized the water pump for irrigation of his crops.

On March 1, 2011, Stoesser discovered that the motor on the water pump had
been "cut up" and that "the whole system had been ripped off and the wires had been
stolen."  Stoesser went to the scrap yard after discovering that the copper wire was
missing.  Stoesser stated, "I went to the scrap yard in Hoffman where *my* wire was
found."  (Emphasis added.)  After finding the copper wire at the scrap yard, Stoesser
gave an employee of the scrap yard $100 to retrieve the wire.

Therefore, viewing the evidence in the light most favorable to the verdict, we
conclude that a rational fact-finder could have found beyond a reasonable doubt that
Stoesser was the owner of the copper wire that was stolen.[5]  *See Jackson*, 443 U.S. at
319; *see also Brooks*, 323 S.W.3d at 898–99.  We overrule Settler's first issue.

By his second issue, Settler contends that the State failed to produce evidence of
the copper wire's market value.  Stoesser testified that he paid $100 for the return of the

---

[4] The statute does not require a minimum value of the stolen copper.  *See* TEX. PENAL CODE ANN.
§ 31.03(e)(4)(F) (West Supp. 2011).

[5] For purposes of theft, the "owner" is a person who has the title to the property, possession of
the property, whether lawful or not, or has "a greater right to possession [of the stolen property] than the
[defendant]."  *See id.* § 1.07(a)(35)(A) (West Supp. 2011).

copper wire. In addition, the trial court admitted State's exhibit 39, which is a receipt showing that Settler received $457.40 for the copper wire. Therefore, the State produced evidence that the value of the copper wire was less than $20,000. Viewing the evidence in the light most favorable to the verdict, we conclude that a rational fact-finder could have found beyond a reasonable doubt that the market value of the copper was less than $20,000. *See Jackson*, 443 U.S. at 319; *see also Brooks*, 323 S.W.3d at 898–99. We overrule Settler's second issue.

### III.    CONCLUSION

We affirm the trial court's judgment.

_____
ROGELIO VALDEZ
Chief Justice

Do not Publish.
TEX. R. APP. P. 47.2(b)
Delivered and filed the
20th day of December, 2012.

4