

NUMBER 13-12-00090-CR

# COURT OF APPEALS

# THIRTEEN DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

KIMBERLY GILBERT, Appellant,

v.

THE STATE OF TEXAS, Appellee.

### On appeal from the 94th District Court
### of Nueces County, Texas.

# MEMORANDUM OPINION

### Before Chief Justice Valdez and Justices Rodriguez and Longoria
### Memorandum Opinion by Justice Longoria

Appellant, Kimberly Gilbert, was convicted of credit card fraud, a state jail felony. TEX. PENAL CODE ANN. § 32.31(b)(1)(A) (West 2011). In one issue, appellant challenges the sufficiency of the evidence supporting her conviction. We affirm.

## I. BACKGROUND

The uncontroverted evidence at trial established that appellant gave a credit card to the manager of a gas station to pay for filling two vehicles driven by herself and her son, Cody. Both Cody and appellant drove off after filing up but before completing the

transaction. The manager immediately tried to use the card, but it was declined. The card had been issued in the name of Shirley Vickers, appellant's aunt. Vickers testified at trial that she had given the card to her brother (appellant's deceased father) to buy things for his grandsons, but that Vickers later cancelled the card. Appellant was arrested, charged, and pleaded guilty to misdemeanor theft and was assessed sixty days in jail. The State subsequently indicted appellant for credit card fraud arising out of the same incident while she was still incarcerated. Appellant pleaded not guilty and waived a jury trial. After a bench trial, the trial court convicted appellant and assessed a sentence of four years' imprisonment. This appeal followed.

## II. DISCUSSION

In one issue, appellant challenges the sufficiency of the evidence supporting her conviction. In reviewing evidence supporting a conviction, we view the evidence in the light most favorable to the verdict and ask whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Garcia v. State*, 367 S.W.3d 683, 686-87 (Tex. Crim. App. 2012) (citing *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)). The trier of fact, in this case the trial court judge, is the sole judge of the credibility of witnesses and the weight, if any, to be given to their testimony. *Id.*; *Brooks v. State*, 323 S.W.3d 893, 899 (Tex. Crim. App. 2010). The trier of fact resolves conflicts in testimony, weighs evidence, and draws reasonable inferences from that evidence. *Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007) (quoting *Jackson*, 443 U.S. at 318-19). If the record could support conflicting inferences, we presume that the fact finder resolved the conflict in favor of the prosecution and defer to that resolution. *Garcia*, 367 S.W.3d at 687.

2

Under Texas law, we measure sufficiency of the evidence "by the elements of the offense as defined by the hypothetically correct jury charge for the case." *Byrd v. State*, 336 S.W.3d 242, 246 (Tex. Crim. App. 2011) (quoting *Malick v. State* 953 S.W.2d 234, 240 (Tex. Crim. App. 1997)). In this case, the State had to prove the following essential elements of the offense: "(1) a person with intent to obtain a benefit fraudulently; (2) presents or uses a credit card; (3) with knowledge that the card has not been issued to her; and (4) and is not used with the effective consent of the cardholder." *See* TEX. PENAL CODE ANN. § 32.31(b)(1)(A); *see also Williams v. State*, No. 10-11-00222-CR, 2011 WL 5221263, at *2 (Tex. App.—Waco Oct. 26, 2011, pet. ref'd) (not designated for publication).

Appellant does not specifically challenge any of the State's evidence except by reasserting her testimony in the trial court. The trial court, as finder of fact, is free to believe or disbelieve her testimony, and we may not, as appellant requests, second guess that determination. *See Garcia*, 367 S.W.3d at 687. Having reviewed the evidence in this case, we conclude that a rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. We overrule appellant's sole issue.

### III. CONCLUSION

Having overruled appellant's sole issue, we affirm the trial court's judgment.

_____
NORA L. LONGORIA,
Justice

Do not publish.
TEX. R. APP. P. 47.2(b)
Delivered and filed the
31st day of January, 2013.

3