# NO. 12-11-00313-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *BRIAN ALAN HAYS,* *APPELLANT* | § | *APPEAL FROM THE 8TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,* *APPELLEE* | § | *RAINS COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

Brian Alan Hays appeals his conviction for evading arrest or detention. In two issues, Appellant argues that the evidence is insufficient to support the verdict and that his due process rights were violated because jurors saw him wearing handcuffs as he was being transported to court. We affirm.

## Background

In April 2011, a police officer in Emory, Texas, attempted to stop Appellant in the truck he was driving. According to the testimony at trial, Officer Joseph Sterner activated his front window mounted emergency lights in an attempt to get Appellant to stop once he observed Appellant making a turn without activating his signal. He testified that Appellant accelerated away from him, drove at a high rate of speed, travelled through a parking lot, and failed to signal several more turns. Appellant drove his truck to a residential neighborhood where he exited the vehicle before it was fully stopped. The vehicle rolled forward and came to a stop against a house. Appellant fled on foot and was able to escape.

Appellant was arrested several days later and charged with the felony offense of evading

arrest or detention. He pleaded not guilty at his trial. The jury found him guilty as charged. Appellant pleaded true to a sentencing enhancement alleging that he had a prior felony conviction, and the jury assessed a sentence of imprisonment for twenty years. This appeal followed.

## SUFFICIENCY OF THE EVIDENCE

In his first issue, Appellant argues that the evidence is insufficient to show that he intentionally fled from the police.

### Standard of Review and Applicable Law

The due process guarantee of the Fourteenth Amendment requires that a conviction be supported by legally sufficient evidence. *See Jackson v. Virginia*, 443 U.S. 307, 315–16, 99 S. Ct. 2781, 2786–87, 61 L. Ed. 2d 560 (1979); *see also Brooks v. State*, 323 S.W.3d 893, 917 (Tex. Crim. App. 2010) (plurality opinion). Evidence is not legally sufficient if, when viewing the evidence in a light most favorable to the verdict, no rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *See Jackson*, 443 U.S. at 319, 99 S. Ct. at 2789; *see also Rollerson v. State*, 227 S.W.3d 718, 724 (Tex. Crim. App. 2007). Under this standard, a reviewing court does not sit as a thirteenth juror and may not substitute its judgment for that of the fact finder by reevaluating the weight and credibility of the evidence. *See Brooks*, 323 S.W.3d at 899; *Dewberry v. State*, 4 S.W.3d 735, 740 (Tex. Crim. App. 1999). Instead, a reviewing court defers to the fact finder's resolution of conflicting evidence unless that resolution is not rational in light of the burden of proof. *See Brooks*, 323 S.W.3d at 899–900. The duty of a reviewing court is to ensure that the evidence presented actually supports a conclusion that the defendant committed the crime. *See Williams v. State*, 235 S.W.3d 742, 750 (Tex. Crim. App. 2007).

The sufficiency of the evidence is measured against the offense as defined by a hypothetically correct jury charge. *See Malik v. State*, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997). A hypothetically correct jury charge "accurately sets out the law, is authorized by the indictment, does not unnecessarily increase the State's burden of proof or unnecessarily restrict the State's theories of liability, and adequately describes the particular offense for which the defendant is tried." *Id*.

As charged in the indictment, the State's evidence had to show that Appellant intentionally

fled from a person he knew was a peace officer who was attempting lawfully to arrest or detain him and that he did so in a vehicle. *See* TEX. PENAL CODE ANN. § 38.04(a), (b)(2)(A) (West Supp. 2012).

**Analysis**

Appellant's argument on appeal tracks his testimony at trial. Appellant testified that he did not know a police officer was attempting to stop him. He eventually came to realize that someone was attempting to stop him, but Appellant testified that he thought it was a man he had been feuding with and did not know it was a police officer. He also testified that he was especially alert to and cautious about the police that day because he had taken methamphetamines. Appellant explained that he had not seen the police lights because his truck had been modified to sit high, because he had a large decal in the back window and a dresser in the bed of the truck, and because the police car was an unmarked car that had lights only in the front window and not on top of the car. He testified that he did see the police car but that he concluded it was not a police car because he did not see any markings or lights on it.

Appellant argues on appeal that the jury verdict is not supported by the evidence because he was unable to discern that it was a police officer behind him and that he did not intentionally flee from the police. He notes that the police used marked vehicles when they came to arrest him for this charge and that he cooperated with them.

Officer Sterner testified that he activated the emergency lights located at the top of his front windshield and that Appellant responded by accelerating and taking actions that Sterner understood to be consistent with trying to escape from him. Specifically, Appellant made several unsignaled turns, drove quickly, and cut through a parking lot. Russell Belcher testified for the State that he was in the truck with Appellant the day the police tried to stop him. Belcher testified that he heard a siren and saw lights flashing from the police car behind them. He testified that he told Appellant to stop for the police but that he refused. The State also presented testimony from one of Appellant's acquaintances who had tried to arrange a meeting with Appellant during the period of time after this incident but before Appellant was arrested. He told her that they could not meet in Rains County because he had run from the police when they pulled him over a few days prior. Appellant denied that Belcher had told him the police were behind him or that he had told anyone he ran from the police.

3

The basic facts surrounding the attempted traffic stop are not disputed. It is not against the law to seek to avoid involvement with the police. *See*, *e.g.*, **Redwine v. State**, 305 S.W.3d 360, 364 (Tex. App.–Houston [14th Dist.] 2010, pet. ref'd). A defendant is entitled to an acquittal if the State fails to prove that he knew the police were attempting to arrest or to detain him. ***Id***. at 368. The relevant inquiry here is whether Appellant knew the police were attempting to arrest or detain him. The determination of that issue in this case turns on an assessment of the credibility of the witnesses. The jury was not required to accept Appellant's recollection of the events the day Sterner tried to stop him. Instead, the jury could have reasonably credited Belcher's testimony that he knew a police officer was attempting to stop them and that he communicated that fact to Appellant. Additionally, Appellant's driving pattern after Sterner activated his lights is consistent with an attempt to evade arrest. The jury's resolution of the disputed factual issues in this case is rational. In light of all of the evidence and the burden of proof, we hold that the evidence is legally sufficient to support the verdict. We overrule Appellant's first issue.

## HANDCUFFS VISIBLE TO JURY

In his second issue, Appellant argues that his right to due process was violated because jurors saw him handcuffed while he was being brought to court. There is no competent evidence in the record to support this assertion. Appellant did not raise an objection at trial on this issue and has not introduced any evidence to support his present assertion. There is an "Affidavit of Fact" attached to Appellant's brief. In this affidavit, Appellant described two times when jurors might have seen him handcuffed. We may not consider factual assertions that are outside the record, and "a party cannot circumvent this prohibition by submitting an affidavit for the first time on appeal." **Whitehead v. State**, 130 S.W.3d 866, 872 (Tex. Crim. App. 2004); *see also* TEX. R. APP. P. 34.1 (appellate record consists of the clerk's record and, if necessary, reporter's record).

Because there is no evidence in the appellate record to support Appellant's claims on this issue, we overrule Appellant's second issue.

4

## DISPOSITION

Having overruled Appellant's two issues, we *affirm* the judgment of the trial court.

**JAMES T. WORTHEN**
Chief Justice

Opinion delivered May 22, 2013.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

(DO NOT PUBLISH)

5



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**MAY 22, 2013**

**NO. 12-11-00313-CR**

**BRIAN ALAN HAYS,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 8th Judicial District Court

of Rains County, Texas. (Tr.Ct.No. 5168)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

James T. Worthen, Chief Justice.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

6