

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-15-00047-CR

RANDALL SEIGLER, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 320th District Court
Potter County, Texas
Trial Court No. 69,245-D, Honorable Don R. Emerson, Presiding

August 21, 2015

## MEMORANDUM OPINION

### Before CAMPBELL and HANCOCK and PIRTLE, JJ.

Appellant, Randall Seigler, was convicted of the offense of theft of copper with a value of less than $20,000,[1] enhanced by two prior felony convictions.[2]  Appellant was subsequently sentenced to serve 20 years confinement in the Institutional Division of the Texas Department of Criminal Justice (ID-TDCJ).  Appellant appeals, contending

---

[1] *See* TEX. PENAL CODE ANN. § 31.03(a), (e)(4)(F)(iii) (West Supp. 2014).

[2] *See id.* § 12.425(b) (West Supp. 2014).

that the trial court erred in denying his motion for directed verdict at the conclusion of the State's case-in-chief. We will affirm.

## Factual and Procedural Background

On July 3, 2014, Jerry Ray, managing partner of Ray's Electric, arrived at his business. Upon unlocking the gate to the storage yard at the business, Ray noticed someone moving inside the yard. Ray then walked to a vantage point to investigate and noticed a hole cut in the chain link fence adjacent to an alley between Jackson and Monroe streets. He then got a profile view of an individual wearing a white shirt and red pants leave through the hole. Upon further investigation, Ray observed that a connection box at the bottom of a pole had been entered and six pieces of copper wire, each approximately 30 feet in length, had been removed from the conduit connected to the box. Ray later testified that the copper wire was 350 MCM THNN cable valued at between $350 and $500. Ray had observed the individual he saw inside the yard head down the alley and went to his vehicle to try and cut the individual off. At this time, he called 911 and reported the theft. At trial, Ray identified appellant as the person he saw inside the yard on July 3rd.

Corporal Timothy Roberts of the Amarillo Police Department, responded to the call and was at the scene within two minutes of being dispatched. Upon arrival, Roberts inspected the scene of the theft, took pictures, organized an effort to cordon off the area around Ray's Electric, and called for a K-9 unit to be dispatched. Roberts identified drag marks from where the copper had been dragged out through the hole in the fence into the alley. He found the copper in some weeds on the far side of the alley. Also

found in the alley were a set of large bolt cutters.  One of the pictures Roberts took was of a shoe print at the site of the hole in the fence.

Corporal Robert West of the APD K-9 unit arrived on the scene with his dog Heco.  Prior to dispatching Heco on any scent trail, West announced over his car loudspeaker that he was present with the dog and would soon be releasing the dog on the scent trail.  No one responded to the announcement.  Heco was taken to the site of the hole and picked up a scent and followed it toward the adjacent block.  As the dog approached a vacant lot that was overgrown with weeds, appellant stood up and raised his hands.  Appellant was arrested and transported to jail.

At the time of his arrest, appellant was wearing a white shirt and had on a red pair of sweat pants.  On his person was a small pair of wire cutters and a flashlight.  Examination of the wire cutters revealed shavings of copper on the blades.  A picture taken of the shoes appellant was wearing have a tread design that appears to match the footprint found at the scene.

At the conclusion of the State's case-in-chief, appellant moved for an instructed verdict.  The trial court denied the motion, and the case was submitted to the jury.  The jury returned a verdict of guilty as to the primary offense and found the two enhancement allegations "true."  The jury then sentenced appellant to 20 years confinement in the ID-TDCJ.

Appellant perfected his appeal and brings forth a single issue.  He contends that the trial court erred in denying the motion for directed verdict.  Disagreeing with appellant, we will affirm the trial court's judgment of conviction.

Standard of Review

An appeal issue claiming that the trial court erred in denying a motion for directed verdict is reviewed as a challenge to the sufficiency of the evidence. *See Canales v. State,* 98 S.W.3d 690, 693 (Tex. Crim. App.). In assessing the sufficiency of the evidence, we review all the evidence in the light most favorable to the verdict to determine whether any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979); *Brooks v. State*, 323 S.W.3d 893, 912 (Tex. Crim. App. 2010). "[O]nly that evidence which is sufficient in character, weight, and amount to justify a fact finder in concluding that every element of the offense has been proven beyond a reasonable doubt is adequate to support a conviction." *Brooks*, 323 S.W.3d at 917 (Cochran, J., concurring). We remain mindful that "[t]here is no higher burden of proof in any trial, criminal or civil, and there is no higher standard of appellate review than the standard mandated by *Jackson.*" *Id.* (Cochran, J., concurring). When reviewing all of the evidence under the Jackson standard of review, the ultimate question is whether the jury's finding of guilt was a rational finding. *See id.* at 906, 907 n.26 (discussing Judge Cochran's dissenting opinion in *Watson v. State*, 204 S.W.3d 404, 448–50 (Tex. Crim. App. 2006), as outlining the proper application of a single evidentiary standard of review). "[T]he reviewing court is required to defer to the jury's credibility and weight determinations because the jury is the sole judge of the witnesses' credibility and the weight to be given their testimony." *Id.* at 899.

The sufficiency standard set forth in *Jackson* is measured against a hypothetically correct jury charge. *See Malik v. State*, 953 S.W.2d 234, 240 (Tex. Crim.

App. 1997). Such a charge is one that accurately sets forth the law, is authorized by the indictment, does not unnecessarily increase the State's burden of proof or unnecessarily restrict the State's theories of liability, and adequately describes the particular offense for which the defendant was tried. *Id.* The "'law" as 'authorized by the indictment' must be the statutory elements of the offense" charged "as modified by the charging instrument." *Curry v. State*, 30 S.W.3d 394, 404 (Tex. Crim. App. 2000).

Analysis

Appellant was charged pursuant to section 31.03 of the Texas Penal Code. Under this section, a person commits an offense if he unlawfully appropriates property with the intent to deprive the owner of the property. TEX. PENAL CODE ANN. § 31.03(a).[3] Further, the Texas Penal Code states that appropriation of property is unlawful if it is without the effective consent of the owner. § 32.03(b). Finally, such an offense is a State Jail Felony if the value of the property is less than $20,000 and the property stolen is copper. § 31.03(e)(4)(F)(iii).

Under the indictment against appellant, the State had to prove the following:

1. appellant,

2. on or about the 3rd day of July, 2014,

3. unlawfully appropriated by acquiring or otherwise exercising control over property,

4. copper,

5. of a value of less than $20,000,

6. from the owner, Jerry Ray,

---

[3] Further reference to the Texas Penal Code will be by reference to "section ____" or "§ ____."

7. without the effective consent of the owner, and

8. with intent to deprive the owner of the property.

Initially, we note that appellant was not seen with the copper wire on his person. The evidence reflecting appellant's guilt was, in large measure, circumstantial. Circumstantial evidence can be sufficient to support a conviction. *Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007).

A review of the evidence reveals that Ray testified that he discovered copper wire had been taken from his place of business on July 3, 2014. He denied having given anyone permission to take the cooper wire. Additionally, Ray testified that the value of the copper wire was between $350 and $500. Ray's testimony further revealed that the copper wire was cut out of a conduit which was attached to a circuit box located inside the storage yard at Ray's Electric. Ray also testified that the man he saw on his premises and crawling through the hole in the fence was dressed in a white shirt and red pants. Finally, Ray identified appellant as the person he saw inside the storage yard and saw crawl out the hole in the fence.

Appellant was captured on an adjacent block while hiding in tall weeds. When taken into custody, appellant was dressed in a white shirt and red sweat pants. On appellant's person at the time of capture were a pair of wire cutters, with copper shavings on the blades, and a flashlight. The print of the sole of the shoes appellant was wearing matched the imprint of a shoe left at the site of the hole in the fence. A police dog followed appellant's scent from the hole in the fence to the vacant lot where appellant was hiding.

All of this evidence leads to the conclusion that the jury was rationally justified in finding appellant guilty of the offense of theft. *See Jackson*, 443 U.S.at 319; *Brooks*, 323 S.W.3d at 912. Thus, the evidence was sufficient to support the jury's decision. Appellant's issue is overruled.

## Conclusion

Having overruled appellant's single issue, we affirm the trial court's judgment.


Mackey K. Hancock
Justice


Do not publish.