

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-15-00053-CR

_____

MIKEL EUGENE HALL, JR., Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 5th District Court
Cass County, Texas
Trial Court No. 2013-F-00107

Before Morriss, C.J., Moseley and Carter*, JJ.
Memorandum Opinion by Chief Justice Morriss

_____

*Jack Carter, Justice, Retired, Sitting by Assignment

MEMORANDUM OPINION

Mikel Eugene Hall, Jr., was convicted by a Cass County jury of sexually assaulting a child, Olivia.[1]  *See* TEX. PENAL CODE ANN. § 22.011(a)(2)(A) (West 2011).  Hall appeals, claiming the evidence was legally insufficient to establish that he digitally penetrated the child's sexual organ.  While the direct evidence from Olivia is arguable, there is other evidence of vaginal penetration, which we find sufficient.  Therefore, we affirm the trial court's judgment.[2]

In evaluating legal sufficiency, we review all the evidence in the light most favorable to the trial court's judgment to determine whether any rational jury could have found the essential elements of the offense beyond a reasonable doubt.  *Brooks v. State*, 323 S.W.3d 893, 912 (Tex. Crim. App. 2010) (citing *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)); *Hartsfield v. State*, 305 S.W.3d 859, 863 (Tex. App.—Texarkana 2010, pet. ref'd).  We examine legal sufficiency under the direction of the *Brooks* opinion, while giving deference to the responsibility of the jury "to fairly resolve conflicts in testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts."  *Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007) (citing *Jackson*, 443 U.S. at 318–19); *Clayton v. State*, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007).

Legal sufficiency of the evidence is measured by the elements of the offense as defined by a hypothetically correct jury charge.  *Malik v. State*, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997).  The "hypothetically correct" jury charge is "one that accurately sets out the law, is authorized by the indictment, does not unnecessarily increase the State's burden of proof or unnecessarily restrict

---

[1]We use a pseudonym to protect the minor complainant's privacy.

[2]Hall was also indicted and convicted for indecency with a child; he does not challenge that conviction.

the State's theories of liability, and adequately describes the particular offense for which the defendant was tried." *Id*. at 240.

Hall argues that, because Olivia failed to directly testify that Hall penetrated her sexual organ with his finger, there is no evidence of such penetration. Olivia described Hall's abuse starting when she was about seven years old, when he and Olivia's mother still lived together. Olivia said Hall made her take off her clothes. Olivia said Hall would touch her "[i]n the breast and the vaginal area." In support of his appellate argument, he points to the following excerpt from Olivia's testimony:

> [The State]: And what exactly did he do? Did he touch you with one hand or both hands?
>
> [Olivia]: I don't remember.
>
> [The State]: Okay. Do you remember what he did when he touch[ed] your vaginal area? Did he use his hand or his fingers or something else?
>
> [Olivia]: His fingers.
>
> [The State]: Okay. Did he use one finger, two fingers, or --
>
> [Olivia]: I don't know.
>
> [The State]: You don't remember, okay. Do you remember if he inserted his fingers inside you?
>
> [Olivia]: Yes, ma'am.
>
> [The State]: Yes, okay. Now, did that happen more than one time -- did it happen more than that at that old house in Hughes Springs?
>
> [Olivia]: Yes, ma'am.

Hall argues that, other than agreeing with the State's question of whether she "*remember*[*ed*] if he inserted his fingers," Olivia never directly said he penetrated her sexual organ with his finger. Therefore, urges Hall, there is no evidence of digital penetration.

We do not agree with Hall's limitation of the scope of the record. He lodged no objection to the State's questioning of Olivia or the form of the State's question, "Do you remember if he inserted his fingers inside you?" We recognize Hall's point that the question, as posed, considered with Olivia's affirmative answer, could be understood as Olivia's indication that she remembered whether Hall inserted his fingers inside her vagina while stopping short of actually saying that he did in fact penetrate her. This arguable ambiguity, combined with Olivia's statements that Hall touched her around her breasts and vaginal area, does raise a question regarding direct evidence of digital penetration.

But Hall would finesse the testimony of Melissa Davison, a forensic interviewer, that Olivia described to Davison Hall's abuses over the years.[3] Davison testified that Olivia told her Hall put his fingers inside Olivia's vagina. This is evidence supporting the State's allegations. Hall only mentions this testimony and points to the absence of medical testimony, such as from a sexual assault nurse examiner, in his argument that there is no evidence to prove penetration. Whether Olivia's testimony was sufficient to support a reasonable inference[4] that Hall digitally penetrated her vagina, Davison's testimony was sufficient to prove the allegation.[5]

---

[3]Davison testified under the provisions of Article 38.072 of the Texas Code of Criminal Procedure. *See* TEX. CODE CRIM. PROC. ANN. art. 38.072 (West Supp. 2014).

[4]*See Hooper v. State*, 214 S.W.3d 9, 16 (Tex. Crim. App. 2007).

[5]Additionally, it was for the jury to weigh the credibility of the witnesses. *See id.* at 13.

4

We affirm the trial court's judgment.

                                          Josh R. Morriss, III
                                          Chief Justice

Date Submitted:        October 30, 2015
Date Decided:          November 2, 2015

Do Not Publish